```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      WESTERN DIVISION
```

KATRINA BANKS, ET AL.                                      PLAINTIFFS

VS.                          CIVIL ACTION NO. 5:02-cv-660(Br)(S)

MITSUBISHI MOTORS CREDIT OF AMERICA,
INC.; TRIAD FINANCIAL CORPORATION;
and THAMES AUTOPLEX, INC.                                  DEFENDANTS

## ORDER COMPELLING ARBITRATION

This cause is before the Court pursuant to the Fifth Circuit Court of Appeals' Opinion of December 9, 2005, reversing this Court's denial of Mitsubishi and Triad's motions to compel arbitration. <u>Banks v. Mitsubishi</u>, No. 04-61031, No. 04-61070 (5th Cir. Dec. 9, 2005).

In its Memorandum Opinion and Order of October 22, 2004, this Court granted Mitsubishi's motion to compel arbitration as to plaintiffs Connie Broger, Rhonda Broger, Bertha Haynes, William King, Linda King, Yolanda Murray, Kenneth Nelson, Alfred Scott, Ruby Scott, Lacrechia Wilson and Ruby Wilson, inasmuch as Mitsubishi had produced valid agreements to arbitrate, and these plaintiffs' claims fell within the scope of their agreements.

The Court also found, however, that Mitsubishi's motion as to plaintiffs Emma Skinner, Lashundra Skinner, Christopher Dyer, Angela Watson, Melvin Thigpen, Barbara Bodies and Katrina Banks was not well-taken, inasmuch as Mitsubishi failed to provide signed arbitration agreements from these plaintiffs. Similarly, the Court

found that Triad's motion was not well-taken because it had failed to provide signed arbitration agreements from plaintiffs Alfred Grim, Rubye Brandon and Debra Lucas.

On interlocutory appeal by Mitsubishi and Triad, the Fifth Circuit found that an affidavit submitted by the defendants was uncontradicted and proved, by a preponderance of the evidence: "(1) the existence of an agreement to arbitrate between the parties, albeit through circumstantial evidence that Appellees purchased a car from Thames, every car purchaser is made to sign an arbitration agreement, and that Appellees could not have purchased a car without executing an arbitration agreement; (2) the present unavailability of the arbitration agreement; and (3) the contents of the missing arbitration agreement." Opinion, p. 5.  The Fifth Circuit therefore found that there was a valid agreement to arbitrate between the parties, and reversed and remanded. Opinion, pp. 5-6.

Accordingly, since this Court has already found that the plaintiffs' claims fall within the scope of the arbitration agreement, the Court orders as follows:

IT IS HEREBY ORDERED that defendant Triad Financial Corporation's motion to compel arbitration **(docket entry 25)** as to plaintiffs Alfred Grim, Rubye Brandon and Debra Lucas is GRANTED;

FURTHER ORDERED that defendant Mitsubishi Motors Credit of America, Inc.'s motion to compel arbitration **(docket entry 34)** as

2

to plaintiffs Emma Skinner, Lashundra Skinner, Christopher Dyer, Angela Watson, Melvin Thigpen, Barbara Bodies and Katrina Banks is GRANTED;

FURTHER ORDERED that plaintiffs Alfred Grim, Rubye Brandon and Debra Lucas are compelled to arbitrate any claims asserted against Triad Financial Corporation in accordance with the terms of the applicable Arbitration Agreements;

FURTHER ORDERED that plaintiffs Emma Skinner, Lashundra Skinner, Christopher Dyer, Angela Watson, Melvin Thigpen, Barbara Bodies and Katrina Banks are compelled to arbitrate any claims asserted against Mitsubishi Motors Credit of America, Inc. in accordance with the terms of the applicable Arbitration Agreements;

FURTHER ORDERED that the claims of plaintiffs Alfred Grim, Rubye Brandon and Debra Lucas against Triad Financial Corporation are dismissed without prejudice;

FURTHER ORDERED that the claims of plaintiffs Emma Skinner, Lashundra Skinner, Christopher Dyer, Angela Watson, Melvin Thigpen, Barbara Bodies and Katrina Banks against Mitsubishi Motors Credit of America, Inc., are dismissed without prejudice;

FURTHER ORDERED, inasmuch as the claims of all plaintiffs in this action have been ordered to arbitration by this Order and the Court's previous Order of October 22, 2004, and all claims have been dismissed without prejudice by the Orders Compelling Arbitration, the Court shall issue a Final Judgment herein

dismissing this action without prejudice.

SO ORDERED, this the 30th day of January, 2006.

S/DAVID BRAMLETTE<br>UNITED STATES DISTRICT JUDGE